## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SINDY LUANA APARECIDA DUQUE,** | **Case No. 26–cv–02638–ESK** |
| **Petitioner,** |  |
| **v.** | **OPINION AND ORDER** |
| **LUIS SOTO,** *et al.*, |  |
| **Respondents.** |  |

**THIS MATTER** is before the Court on petitioner Sindy Luana Aparecida Duque's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition)  (ECF No. 1) and this Court's March 16, 2026 order (ECF No. 4.) Respondents oppose the Petition.   (ECF No. 6.)

1.    Petitioner is a citizen of Brazil.   (ECF No. 1 ¶ 21.)    She entered the United States on a tourist visa in 2020.    (*Id.*)

2.    The Department of Homeland Security (Department) arrested petitioner on March 13, 2026 and detained her in Delaney Hall Detention Facility.   (*Id.* ¶ 24.)    She has not received a bond hearing since that date.   (*Id.* ¶ 25.)

3.    Respondents filed an answer on March 20, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and had not requested a bond hearing despite her eligibility.   (ECF No. 6.)

4.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.    "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."   *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026).

6.     Here, there is no dispute that petitioner is being detained pursuant to § 1226(a) and has the right to request a bond hearing from an immigration judge.  (ECF No. 6 pp. 1, 3; ECF No. 7 p. 1.)   Instead, petitioner argues that "[t]he issue is whether the existing custody framework provides a meaningful opportunity for release consistent with the Due Process Clause of the Fifth Amendment" and asserts that "[r]espondents' position reduces due process to the mere existence of a bond hearing."   (ECF No. 7 pp. 1, 2.)

7.     "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).   Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"   *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).   "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."   *Id.* at *4.

8.     "In a fundamentally fair bond hearing, due process has three essential elements.   '[A noncitizen]: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'"   *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (second alteration in original).   I cannot say that petitioner will not receive a fundamentally fair bond hearing when she has not even requested one.

9.     Furthermore, "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court."   *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

10.   Contrary to petitioner's assertions, it would not be futile to require exhaustion.   Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).   *See, e.g., Zheng*, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026) ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026).   That is not the case for petitioner; she unquestionably has the

right to request a bond hearing pursuant to §1226(a), but she made the choice not to do so.

11. "Her failure to follow this procedure [is] fatal to" my "jurisdiction over her habeas petition." *Duvall*, 336 F.3d at 233.

12. To the extent that petitioner challenges her arrest, the argument "does not warrant the remedy petitioner requests: release from detention. The remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody." *Noori v. Soto*, No. 26–cv–00951, 2026 WL 631642, at *2 (D.N.J. Mar. 5, 2026) (cleaned up) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *Valenzuela v. Semaia*, No. 5:25–cv–02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025)); *see also Naranjo v. Uhls*, No. 4:25–cv–05756, 2025 WL 3771447, at *2 (S.D. Tex. Dec. 31, 2025) ("It does appear the Government has adopted a widespread practice of taking aliens into custody when they appear for court. ... Absent a connection that undermines the lawfulness of Petitioner's detention pursuant to the immigration laws, argument that such practice has unintended consequences or is poor policy is simply beyond the jurisdiction afforded upon inquiry on habeas corpus."); *Rezaee v. President of the United States*, No. 6:25–cv–1140, 2025 WL 4051609, at *5 (M.D. Fla. July 29, 2025) ("Thus, even if Petitioner's initial arrest was unlawful, her detention pending removal may stand.")

Accordingly,

**IT IS** on this **1st** day of **April 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED FOR LACK OF JURISDICTION**.

2. The motion for a temporary restraining order at ECF No. 2 is **DISMISSED**.

3. Any restrictions imposed on petitioner's location are **LIFTED**.

4. The Clerk shall **CLOSE** this case.

　　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**